IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHAWNA J. ASBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-4238-CV-C-ODS-SSA |
| ) | |
| MICHAEL J. ASTRUE ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for disability and supplemental security income benefits. The Commissioner's decision is affirmed.

### I. BACKGROUND

Plaintiff was born in 1974 and has a GED. She alleges she became disabled on December 18, 2008, due to a combination of chronic back pain, left hip bursitis, cellulitis, obesity, hypothyroidism, and depression.

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 18, 2008. The ALJ found that Plaintiff has the following severe impairments: lumbar degenerative disc disease, left hip bursitis, cellulitis, and obesity. At step three, the ALJ determined Plaintiff does not meet or equal a listed impairment. The ALJ found Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) (lift and carry 10 pounds occasionally; lift and carry 5 pounds frequently; sit 6 hours in an 8-hour work day; and stand and/or walk about 2 hours in an 8-hour work day) except she Is limited to performing work that allows for a sit/stand at-will option in an 8-hour workday. Next, the ALJ found Plaintiff is unable

to perform any past relevant work, but Plaintiff has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. Finally, the ALJ concluded that Plaintiff is not disabled.

## II. DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991) (citing *Hutsell v. Sullivan*, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

A. The ALJ Was Not Required to Give Dr. Bradley's Opinion Controlling Weight

Plaintiff first argues the ALJ failed to accord adequate weight to the opinion of her treating physician, William Bradley, M.D. "[A] treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence." *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011) (internal quotation marks omitted). However, because the Record must be evaluated as a whole, a treating physician's opinion does not automatically control. *Id.* "An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent

opinions that undermine the credibility of such opinions." *Id.* at 897-98 (internal quotation marks omitted).

In this case, the ALJ properly gave limited weight to Dr. Bradley's opinion because the opinion is unsupported by the medical evidence of record. In October 2010, Dr. Bradley indicated that Plaintiff was instructed to elevate her legs chest high to assist with cellulitis. R. 401-02. However, as the ALJ noted, the last medical record related to cellulitis was from July 2010, at which time Plaintiff was successfully treated with medication. R. 360. There was no evidence that Plaintiff experienced any cellulitis-related issues after July 2010, and the ALJ properly gave little weight to Dr. Bradley's opinion. *See Davis v. Apfel*, 239 F.3d 962, 967 (8th Cir. 2001) (physician's opinion properly discredited because a 1996 opinion did not indicate that he examined plaintiff subsequent to April 1995 and was unsupported by any clinical or medical evidence). Upon reviewing the ALJ's decision for discounting some of Dr. Bradley's opinions, this Court concludes the ALJ did not err.

## B. Plaintiff's Subjective Complaints Were Evaluated Properly

Next, Plaintiff contends the ALJ improperly analyzed her credibility. The Court disagrees. "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). The Court must "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). In evaluating a claimant's subjective complaints, the ALJ must consider the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The *Polaski* factors include: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the claimant's work history; (7) the absence of objective medical evidence to support the claimant's complaints. *Id.* An ALJ may discount a claimant's subjective

complaints if there are inconsistencies in the record as a whole. *Guilliams*, 393 F.3d at 801.

Here, there is substantial evidence in the Record to support the ALJ's finding that Plaintiff's subjective complaints were not fully credible. First, Plaintiff's daily activities are inconsistent with her assertion of disability. Plaintiff reported that she: takes her daughter to and from school; prepares breakfast, lunch, and dinner; cares for her dogs; washes dishes; spends two hours per day on the computer; goes outside as often as she can; drives; shops for groceries, clothes, and other basic necessities; manages money; visits friends at their homes; attends church regularly; and infrequently plays computer games, rides horses, bakes, sews, and reads. R. 191-98. Plaintiff also testified that she looks for jobs on the internet, volunteers at church, does household chores with breaks, and watches television. R. 30-31. "'Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility.'" *Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001)); *see also Riggins v. Apfel*, 177 F.3d 689, 692 (8th Cir. 1999) (finding activities such as driving his children to work, driving his wife to school, shopping, visiting his mother, taking a break with his wife between classes, watching television, and playing cards were inconsistent with plaintiff's complaints of disabling pain).

Plaintiff argues that the ALJ selectively cited from the Record and omitted important details regarding the extending of Plaintiff's daily activities. For example, Plaintiff points out that she often had to stop doing chores because of back and leg pain, that her daughter helped her at the grocery store, that she could not drive sometimes because her toes would tingle, and two or three times a week it was difficult for her to complete her normal activities. However, the ALJ specifically incorporated many of these limitations in his decision by finding Plaintiff is limited to sedentary work that includes a sit/stand option. R. 15.

The Record also shows that Plaintiff has been drawing unemployment benefits after she allegedly became disabled. Further, Plaintiff testified she realizes that she signed a form indicating that she could work. R. 25. A claimant who applies for unemployment compensation benefits represents herself as available, willing, and able to

4

work.  *See*, *Paschal v. Astrue*, 372 Fed. Appx. 687, 688, 2010 WL 1629091, at *1 (8th Cir. Apr. 23, 2010) (claimant applied for unemployment relevant to credibility inquiry).

Evidence of Plaintiff's "drug-seeking behavior" also discredits Plaintiff's allegations of disabling pain.  *Anderson v. Shalala*, 51 F.3d 777, 780 (8th Cir. 1995); *see also Anderson v. Barnhart*, 344 F.3d 809, 815 (8th Cir. 2003) ("A claimant's misuse of medications is a valid factor in an ALJ's credibility determinations.").  A State agency medical examiner made note of "frequent requests for pain medications" after citing to a "component of symptom magnification."  R. 310.  Further, the Plaintiff requested a refill of Vicodin in August 2010 after reporting that she "accidentally dumped the whole bottle in the toilet."  R. 378.  These actions suggest Plaintiff overstates the magnitude of her pain.

Finally, there is other evidence that goes against Plaintiff's credibility regarding her assertion of disability.  For example, in June 2010, Plaintiff informed Dr. Bradley's office that she planned to fly to New York and drive herself back.  R. 375.  However, the only concern that she expressed to Dr. Bradley was whether he could prescribe medication to help her cope with her fear of flying, driving through tunnels, and going over bridges.  R. 375.  This plan is inconsistent with Plaintiff's claims of disabling symptoms and limitations.

Although it may be that any one of these factors alone would be insufficient to justify the ALJ's findings, collectively they serve as substantial evidence supporting the ALJ's decision.  The ALJ properly analyzed Plaintiff's credibility.

### III. CONCLUSION

There is substantial evidence in the Record to support the ALJ's decision.  The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE:  October 25, 2012        UNITED STATES DISTRICT COURT